UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC d/b/a BMG GOLD SONGS, ROC NATION MUSIC, JAE'WONS PUBLISHING, and PANIRO'S PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>PAGA, INC., FELIX D. PAIGE, and JACKSON D. GATEMAN,<br><br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorney, allege:

1.  This is a suit for copyright infringement under Title 17 of the United States Code.

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.  Plaintiffs allege three causes of action for copyright infringement based on the Defendants' unauthorized public performances of Plaintiffs' copyrighted musical compositions. Schedule A, annexed to the Complaint, sets forth in table form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

THE PARTIES

4.  The Plaintiffs named in Column 2 of Schedule A[*] are the owners, and on the dates of infringement identified in Column 7 were the owners, of the copyrights in the original

---

[*] All references to "columns" hereinafter refer to the numbered columns set forth in Schedule A.

musical compositions listed in Column 3 and are properly joined in this complaint pursuant to Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Paga, Inc. ("Paga") is a corporation organized under the laws of the state of Massachusetts with offices at 100 Warrenton St., Boston, Massachusetts 02116.

6. Defendant Felix D. Paige ("Paige") is an individual who resides and/or does business in this District.

7. Defendant Jackson D. Gateman ("Gateman") is an individual who resides and/or does business in this District.

8. At all times herein alleged, Paige and Gateman were, and still are, owners, officers, or directors of Paga.

9. At all times herein alleged, Paige and Gateman were, and still are, responsible for the control, management, operation, and/or conduct of the affairs of Paga.

10. At all times herein alleged, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Venu, including the right and ability to supervise and control the public performance of musical compositions.

11. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Venu.

DEFENDANTS' COPYRIGHT INFRINGEMENTS

12. The original musical compositions listed in Column 3 were created and written by the people named in Column 4.

13. The original musical compositions listed in Column 3 were published on the dates listed in Column 5 in conformity with Title 17 of the United States Code.

14. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Copyright Registration, identified in Column 6.

15. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 875,000 songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

17. At all times herein alleged, Paga did, and still does, own, control, manage, operate, and maintain the nightclub known as Venu, located at 100 Warrenton St., Boston, Massachusetts 02116.

18. Venu is, and all at times herein alleged has been, open to the public.

19. Venu is a place where a substantial number of persons outside of a normal circle of a family and its social acquaintances gathers.

20. Musical compositions were and are performed at Venu.

21. Musical compositions were and are publicly performed at Venu.

22. Paga entered into a license agreement with ASCAP, effective September 1, 2016 (the "ASCAP License").

23. The ASCAP License authorized the public performance of music in ASCAP's repertoire at Venu.

24. Paga failed to pay the license fees required by the ASCAP License.

25. Because of Paga's failure to pay license fees, ASCAP duly terminated the ASCAP license for Venu on April 30, 2019 for material default.

26. Venu has been unlicensed by ASCAP since April 30, 2019.

27. Notwithstanding the termination of the Venu ASCAP license, the Defendants continued to publicly perform ASCAP's members' musical works at Venu.

28. On at least fourteen occasions since July 23, 2021, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to relicense public performance of music at Venu.

29. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

30. Defendants have refused all of ASCAP's offers to relicense Venu.

31. ASCAP's various communications offering to relicense Venu gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Venu constitute copyright infringement.

32. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Venu, including the copyrighted works involved in this action, without permission, during the hours that Venu is open to the public for business and presenting musical entertainment.

33. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Venu.

34. The public performances at Venu of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

35. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

36. Defendants plan to continue such infringing public performances of music, advertising on the Frequently Asked Questions page of their website "We will offer a variety of musical genres from today's most influential electronic and Top 40 artists. Please check the EVENTS page for specific artists and events." And on the Events page advertising "2 rooms of music."

37. Defendants' copyright infringements have caused and are causing irreparable injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from further infringing acts, Plaintiffs will continue to suffer irreparable injury, for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

      I.    That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing Plaintiffs' musical compositions, or any musical composition in the ASCAP repertory, and from causing or permitting the compositions, or any musical composition in the ASCAP repertory, to be publicly performed at Venu, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the unlicensed public performance of musical compositions in any place.

      II.    That Defendants be ordered to pay such statutory damages as to the Court considers just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) with respect to each cause of action.

      III.    That Defendants be ordered to pay the costs of this action and that a reasonable attorney's fee be awarded as part of the costs as permitted in 17 U.S.C. § 505.

      IV.    For such other and further relief as this Court deems appropriate.

Dated: Boston, Massachusetts
       February 15, 2023

                      Respectfully submitted,

                      BMG RIGHTS MANAGEMENT (US) LLC dba BMG GOLD SONGS, ROC NATION MUSIC LLC, JAE'WONS PUBLISHING, and PANIRO'S PUBLISHING,

                      By their attorney,

                      /s/ Eric Osterberg
                      Eric C. Osterberg (BBO#624944)
                      Osterberg LLC
                      83 Atlantic Avenue
                      Boston, MA 02110
                      Phone: (617) 294-6542
                      eosterberg@osterbergllc.com